UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA GIBBS,

   Plaintiff,

  v.

BB OPCO LLC, et al.,

   Defendants.

Case No. 26-cv-01623-JSC

**ORDER TO SHOW CAUSE TO DEFENDANT RE: REMOVAL**

Defendant BB OPCO LLC removed this action to federal court from Sonoma County Superior Court on February 25, 2026 based on diversity jurisdiction.  (Dkt. No. 1.)[1]  BB OPCO acknowledges the state complaint names a non-diverse defendant, Pichinda Duong, but contends removal is nonetheless appropriate because (1) at the time of removal Duong had not been served with the complaint, and (2) she is a "sham defendant."

  **A.**  **Service of the Complaint**

The federal removal statute, 28 U.S.C. 1446, "requires all proper defendants to join or consent to the removal notice." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  BB OPCO's Notice of Removal states: "[a]t the time of this removal filing, Duong has not been served with the Summons and Complaint."  (Dkt. No. 1 at 2.) But BB OPCO does not provide any basis for its unadorned statement Duong has not been served.

"A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with in the state court is

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

insufficient." *Gladle v. Wells Fargo Bank, N.A.*, No. CV 19-1315 PA (ASX), 2019 WL 1571863, at *2 (C.D. Cal. Apr. 11, 2019) (citation omitted).  Here, a review of the Sonoma County Superior Court docket indicates that as of today, no proof of service has been filed as to *any* defendant.  So, if BB OPCO is relying on the lack of filing of a proof of service on the Sonoma County docket, that alone is insufficient to show lack of service on Duong because BB OPCO has been served, but the proof of service is not on the docket.

In any event, prior to removal,  BB OPCO "was required to exercise due diligence beyond simply checking the docket to determine if other defendants had been served."  *See Yang v. Colliers Int'l Grp. Inc.*, No. 3:25-CV-09680-JSC, 2026 WL 156617, at *3 (N.D. Cal. Jan. 20, 2026).  Here, the Notice of Removal is silent as to any efforts made to determine the status of service on Duong and so fails to adequately explain, as it must, "the absence of any co-defendants in the notice of removal."  *See Prize Frize*, 167 F.3d at 1266.

### B.    Fraudulent Joinder of Duong

A removing defendant bears the burden of establishing federal jurisdiction.  *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  As courts of limited jurisdiction, federal district courts construe the removal statute strictly and reject jurisdiction if there is any doubt as to removability.  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 550 (9th Cir. 2018).

BB OPCO contends the Court has diversity jurisdiction because Plaintiff cannot possibly state a claim against Duong.  *See id.* at 548 (holding the citizenship of a non-diverse defendant can be disregarded only "if a defendant shows that an individual[ ] joined in the action cannot be liable on any theory" (quotation marks and citation omitted)); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding a defendant is a "sham" defendant whose citizenship can be ignored only when "it is abundantly obvious that [a plaintiff] could not possibly prevail").  "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."  *Grancare, LLC*, 889 F.3d at 548.  As a result, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent."  *Id*. at

United States District Court
Northern District of California

2

549.

The complaint alleges a FEHA harassment claim against Duong for harassment. (Count II.) While BB OPCO acknowledges a plaintiff may make a harassment claims against an individual supervisor, it contends "nothing indicates any actions by Duong outside of routine supervisory decisions." (Dkt. No. 1 at 5.) This statement does not come close to meeting its burden as set forth in *Grancare*.

**CONCLUSION**

For the reasons explained above, BB OPCO is ORDERED TO SHOW CAUSE on or before **March 11, 2026** why this action should not be remanded to Sonoma County Superior Court for improper removal and lack of removal jurisdiction. The Court will advise Plaintiff if a response is required.

**IT IS SO ORDERED.**

Dated: March 2, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California

3