UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JESSICA GIBBS,

          Plaintiff,

    v.

BB OPCO LLC, et al.,

          Defendants.

Case No.  26-cv-01623-JSC

**ORDER REMANDING CASE**

Plaintiff, a California citizen, sued BB OPCO LLC ("BB OPCO") and Pichinda Duong in California Superior Court for Sonoma County and asserted state law discrimination and employment claims.  (Dkt. No. 1 at 10-35.)[1]  On February 25, 2026, BB OPCO removed Plaintiff's complaint to this Court based on diversity jurisdiction.  (*Id.* at 1-8.)  BB OPCO acknowledged Ms. Duong is a California citizen but contended removal is nonetheless appropriate because (1) at the time of removal, Ms. Duong had not been served with the complaint, and (2) she is a "sham defendant."  (*Id.* at 2, 4.)  The Court subsequently ordered BB OPCO to show cause why the action should not be remanded for improper removal or lack of jurisdiction.  (Dkt. No. 5.)

**I.     SERVICE OF THE COMPLAINT**

The federal removal statute, 28 U.S.C. § 1446, "requires all proper defendants to join or consent to the removal notice." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999), *superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  "A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

filed with in the state court is insufficient." *Gladle v. Wells Fargo Bank, N.A.*, No. CV 19-1315 PA (ASX), 2019 WL 1571863, at *2 (C.D. Cal. Apr. 11, 2019) (citation omitted).

BB OPCO's Notice of Removal stated only: "[a]t the time of this removal filing, Duong has not been served with the Summons and Complaint." (Dkt. No. 1 at 2.)  BB OPCO now declares it contacted Ms. Duong prior to removing the case, and she confirmed she had not been served.  (Dkt. No. 6-1 ¶ 3.)  BB OPCO later learned Ms. Duong was served on February 27, 2026, two days after BB OPCO's Notice of Removal.  (*Id.* ¶ 4; Dkt. No. 6-2.)  So, BB OPCO's declaration is sufficient to show proper removal, assuming BB OPCO can secure Ms. Duong's consent within 30 days from service.  *Cf. Yang v. Colliers Int'l Grp. Inc.*, No. 3:25-CV-09680-JSC, 2026 WL 156617, at *3 (N.D. Cal. Jan. 20, 2026) (noting "a removing defendant has 30 days from service of the initial pleading to secure the consent of any non-joining defendant" (citing 28 U.S.C. §§ 1446(b)(1), (b)(2)(A))).

## II.     FRAUDULENT JOINDER OF MS. DUONG

However, a removing defendant also bears the burden of establishing federal jurisdiction. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020).  A case removed to federal court must be remanded to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C. § 1477(c); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (explaining federal courts' independent obligation to ensure they have subject matter jurisdiction).  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a).  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citation omitted).

BB OPCO contends the Court has diversity jurisdiction because Plaintiff cannot possibly state a claim against Ms. Duong.  *See id.* at 548 (holding the citizenship of a non-diverse defendant can be disregarded only "if a defendant shows that an individual[] joined in the action cannot be liable on any theory" (quotation marks and citation omitted)); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) (holding a defendant is a "sham"

2

defendant whose citizenship can be ignored only when "it is abundantly obvious that [a plaintiff] could not possibly prevail"). However, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Grancare*, 889 F.3d at 548. As a result, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Id.* at 549.

Plaintiff's complaint alleges a FEHA harassment claim against Ms. Duong. (Dkt. No. 1 at 17-18.) While BB OPCO acknowledges a plaintiff may make a harassment claim against an individual supervisor, it contends "nothing alleged indicates any actions by Duong outside of routine supervisory decisions." (*Id.* at 5.) As the Court noted in its Order to Show Cause, BB OPCO's statement does not come close to meeting its burden under *Grancare* to show Ms. Duong is fraudulently joined. In response to the Show Cause Order, BB OPCO states: "[i]n light of the Court's interpretation of [*Grancare*], BB OPCO withdraws its position that Duong was fraudulently joined . . . without prejudice to Duong's right to file a Rule 12 or other pleadings motion in response to the Complaint." (Dkt. No. 6 at 3 n.2.) So, because BB OPCO has withdrawn its position Ms. Duong was fraudulently joined, and the Court in any event concludes she has not been fraudulently joined under the Ninth Circuit's binding precedent, Ms. Duong's citizenship must be considered in determining whether there is complete diversity. *See Grancare*, 889 F.3d at 548. And, because Plaintiff and Ms. Duong are both California citizens, there is no complete diversity, and the Court therefore lacks diversity jurisdiction.

**CONCLUSION**

Because the Court lacks subject matter jurisdiction to hear this case, the Court REMANDS the case to the Superior Court of the State of California for the County of Sonoma. The Court further orders that the court file in this case be transferred by the clerk of this Court to the clerk of the State Court, along with a certified copy of this Order of Remand. The State Court may thereupon proceed with this case.

\\

\\

**IT IS SO ORDERED.**

Dated: March 12, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge